RECORD NUMBER: 14-1425

# United States Court of Appeals
### *for the*
# Fourth Circuit

---

**CHRISTOPHER LYTES,**

*Appellant,*

– v. –

**CHRISTIAN SMITH,**
**BRIAN N. SMITH, JOHN LOOKABILL,**

*Appellees.*

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA AT COLUMBIA**

# OPENING BRIEF OF APPELLANT

**C. RAUCH WISE**
LAW OFFICE OF C. RAUCH WISE
**305 Main Street**
**Greenwood, SC 29646**
**(864) 229-5010**

**ROBERT M. COOK, II**
ATTORNEY AT LAW
**P.O. Box 3575**
**Leesville, SC 29070**
**(803) 734-3970**

*Counsel for Appellant*

CP  COUNSEL PRESS • VA – (800) 275-0668

UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
DISCLOSURE OF CORPORATE AFFILIATIONS AND OTHER INTERESTS

Disclosures must be filed on behalf of <u>all</u> parties to a civil, agency, bankruptcy or mandamus case, except that a disclosure statement is **not** required from the United States, from an indigent party, or from a state or local government in a pro se case.  In mandamus cases arising from a civil or bankruptcy action, all parties to the action in the district court are considered parties to the mandamus case.

Corporate defendants in a criminal or post-conviction case and corporate amici curiae are required to file disclosure statements.

If counsel is not a registered ECF filer and does not intend to file documents other than the required disclosure statement, counsel may file the disclosure statement in paper rather than electronic form.  Counsel has a continuing duty to update this information.

No. __14-1425__      Caption: __Christopher Lytes v. Christian Smith__

Pursuant to FRAP 26.1 and Local Rule 26.1,

__Clarence Rauch Wise__
(name of party/amicus)

_____

 who is _____attorney for appellant_____, makes the following disclosure:
(appellant/appellee/petitioner/respondent/amicus/intervenor)

1.    Is party/amicus a publicly held corporation or other publicly held entity?  ☐ YES ☑ NO

2.    Does party/amicus have any parent corporations?                         ☐ YES ☑ NO
      If yes, identify all parent corporations, including grandparent and great-grandparent corporations:

3.    Is 10% or more of the stock of a party/amicus owned by a publicly held corporation or other publicly held entity?                                   ☐ YES ☑ NO
      If yes, identify all such owners:

4.  Is there any other publicly held corporation or other publicly held entity that has a direct financial interest in the outcome of the litigation (Local Rule 26.1(b))?  ☑YES ☐NO
    If yes, identify entity and nature of interest:

    Liberty Insurance Co., P. O. Box 31204, Tampa, FL. 33631 has a subrogation interest in the amount of $267,585.39 for a worker's compensation claim.

5.  Is party a trade association? (amici curiae do not complete this question)  ☐YES ☑NO
    If yes, identify any publicly held member whose stock or equity value could be affected substantially by the outcome of the proceeding or whose claims the trade association is pursuing in a representative capacity, or state that there is no such member:

6.  Does this case arise out of a bankruptcy proceeding?  ☐YES ☑NO
    If yes, identify any trustee and the members of any creditors' committee:

Signature: /s/ Clarence Rauch Wise                    Date: June 2, 2014

Counsel for: Christopher Lytes

## CERTIFICATE OF SERVICE
**************************

I certify that on _____ June 2, 2014 _____ the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below:

/s/ Clarence Rauch Wise                              June 2, 2014
        (signature)                                      (date)

# Table of Contents

Corporate Disclosure Statement

Table of Authorities ................................................................................ iii

Statement of Jurisdiction....................................................................... 1

Statement of the Issues.......................................................................... 1

Statement of the Case............................................................................ 1

    Statement of the Facts................................................................... 2

Summary of the Argument.................................................................... 5

Standard of Review................................................................................ 6

Argument................................................................................................. 6

    Question I: Did the district court err in granting a motion for summary judgment in favor of the Defendants when the evidence showed that the Plaintiff was handcuffed, searched, and detained at gun point which created a factual question as to whether the Plaintiff was arrested in violation of the Fourth Amendment to the Constitution of the United States of America or merely placed in investigative detention?................................................................................... 6

    Fourth Amendment Violation...................................................... 6

    Bystander Liability of Defendants Brian Smith, Wood and Lookabill........ 12

    The Defendants are not entitled to Qualified Immunity.............. 13

Conclusion ............................................................................................. 15

Statement Regarding Oral Argument ................................................. 15

i

Certificate of Compliance

Certificate of Service

# Table of Authorities

## Cases

*Baptiste v. J. C. Penny Company, Inc.,*
　　147 F.3d 1252 (10th Cir. 1998) ..................................................... 9

*Clipper v. Takoma Park, Md.,*
　　876 F.2d 17 (4th Cir. 1989) .............................................. 8, 9, 13

*Cortez v. McCauley,*
　　478 F.3d 1108 (10th Cir. 2007) ................................................ 7, 9

*Ibo v. Shrive,*
　　535 F.3d 225 (4th Cir. 2008) .............................................. 12, 13

*Lindstrom v. Romero,*
　　616 F.3d 1108 (10th Cir. 2010) .................................................. 13

*Moore v. Marketplace Rest., Inc.,*
　　754 F.2d 1336 (7th Cir. 1985) .................................................. 8, 9

*Park v. Shiflett,*
　　250 F.3d 843 (4th Cir. 2001) .............................................. 6, 9, 14

*Posr v. Doherty,*
　　944 F.2d 91 (2d Cir. 1991) ........................................................ 11

*Ray Commc'ns, Inc. v. Clear Channel Commc'ns, Inc.,*
　　673 F.3d 294 (4th Cir. 2012) ...................................................... 6

*Turnon v. Jordan,*
　　405 F.3d 202 (4th Cir. 2005) .................................................... 13

*United States v. Leshuk,*
　　65 F.3d 1105 (4th Cir. 1995) .............................................. 10, 11

*United States v. Massillon,*
　　574 F. Supp. 381 (S.D.N.Y. 2008) ............................................. 11

*United States v. Valenzuela*,
    365 F.2d 892 (10th Cir. 2004) ........................................................................ 8

**Rules, Statutes and Other Authorities**

28 U.S.C. § 1291 .................................................................................................. 1

42 U.S.C. § 1983 ............................................................................................. 1, 9

S.C. Code § 16-11-620................................................................................... 10

U.S. Constitution, Fourth Amendment ......................................................... passim

## Statement of Jurisdiction

A. *District Court Jurisdiction*

The United States District Court for the District of South Carolina has jurisdiction pursuant to 42 U.S.C. § 1983 for the violation of the rights of the Plaintiff under the United States Constitution.

B. *Appellate Court Jurisdiction*

This appeal is form a final order granting a Motion for Summary Judgment. The order was filed on March 31, 2014 and the Notice of Appeal was filed on April 28, 2014. This Court has jurisdiction pursuant to 28 U.S.C. § 1291.

## Statement of the Issues

Question I: Did the district court err in granting a motion for summary judgment in favor of the Defendants when the evidence showed that the Plaintiff was handcuffed, searched, and detained at gun point which created a factual question as to whether the Plaintiff was arrested in violation of the Fourth Amendment to the Constitution of the United States of America or merely placed in investigative detention?

## Statement of the Case

Christopher Lytes filed his action against Christian Smith, David Wood, Brian Smith and John Lookabill under 42 U.S.C § 1983 for a violation of

his rights under the Constitution of the United States of America.[1]  After the

completion of discovery the defendants moved for Summary Judgment.  By Order

dated March 28, 2014 and filed on March 31, 2014, Summary Judgment was

granted in favor of all Defendants.

**Statement of the Facts**

        In the Motion for Summary Judgment, the facts most favorable to

Christopher Lytes, are the following.   Christopher Lytes and two of his fellow

employees were attempting to locate a cell tower to make necessary improvements.

They were in three separate vehicles with Mr. Lytes driving a van with the

company logo on the van. App. at 59, ll 12-22 All three carried identification cards

showing their employment with Alcatel-Lucent, a company that maintains cell

towers for different providers.  App. at 60, ll 9-10

        While trying to locate the entrance to the cell tower, they drove behind

the fence line of Mid-Carolina Electric Co-operative.  When the three vehicles

were observed by Peggy Hinson, an employee of Mid-Carolina, she called the

Lexington Sheriff's Department to report a possible break-in.  Contrary to the

---

        [1] At the motion of summary judgment hearing the plaintiff conceded that
summary judgment was proper as to David Wood as the depositions showed that
Mr. Wood did not participate in the handcuffing, search or holding at gun point of
the Plaintiff.  He was inadvertently included in the Notice of Appeal.

testimony of the defendants, she never reported that entry had been made into the fenced in area, nor did she report that anyone was attempting to break into any vehicle belonging Mid- Carolina.  App. at 117.1; App. at 17, ll 15-19.

When the officers arrived they immediately pulled their firearms and ordered the Plaintiff and his fellow workers out of their various vehicles.  At that point, one or more of the employees of Alcatel-Lucent told the officers they were there to work on a cell tower.[2]  App. at 110, ll 10-18; App. at 111, ll 14-22; App. at 91, ll 9-25 to 92, ll 1-20; App. at 95, ll 2-23; App. at 78, l 25 to 79, ll 1-25.   After being told they were employees of Alcatel-Lucent, no officer checked the identification of Plaintiff or his fellow employees.  App. at 86,  ll 19-25 to 87, ll 1-14.   The comments from the officers indicated they were not interested in hearing the employees' explanation.  App.  at 93, ll 11-13.    They did not inspect the van Mr. Lytes was driving nor make the effort to  observe the company logo on the van Mr. Lytes was driving.  App. at 88,  11-15.  The van contained a company logo on each side.  App. at 108, ll 6-25.   They did not check any identification the employees had.  Mr. Lytes had his identification on a lanyard available for the officer to view.  Bill Mullen, a co-worker, before he was handcuffed, asked the

_____

[2]  The officers testified that no person ever told them why they were there until after they were handcuffed.  For purposes of this Motion, this Court has to accept as true the testimony of the Plaintiff and his witnesses.

3

officers to go over to the van and see the company identification and confirm that what they were saying was true.   He asked this in order to avoid being handcuffed. App. at 95, ll 2-14,

The next step the defendants took, without attempting to verify the information given to the them by the plaintiff and his fellow employees, was to place Mr. Lytes and his fellow employees in handcuffs and place them face down on the ground.  App. at 97, App. at 98, ll 11-24; 18, ll 14-20; App. at 99, ll 2-25 to 99, ll 1-9; App.  at 102, ll 22-25 to 103, ll 1-10; App. at 105, ll 13-25 to 106,  ll 10-21.   In a cursory search, no weapons found.  App.  at 84,  ll 15-25 to 85, ll 1-4. Notwithstanding this fact, the Plaintiff and his fellow employees remained in handcuffs and "investigative detention.".

Only after Mr. Lytes and his fellow employees were handcuffed and placed on the ground did the officers attempt to verify the information given to them when the officers first confronted Mr. Lytes and his fellow employees.  But even this verification was not done by checking the van or the identification cards of Mr. Lytes and his fellow employees. The officers admitted that they did not have probable cause to arrest and detain Mr. Lytes or his fellow employees.   App. at 85, ll 22-25 to 86, ll 1-4; App. at 104, ll 6-11.  The officers did confirm that the information given to them when they first approached Mr. Lytes and his fellow

4

employees was correct.  They were then released from their handcuffs and permitted to leave.  Mr. Lytes and his fellow employees were handcuffed for approximately thirty minutes.  App. at 117.1.

As a result of the detention and handcuffing of Mr. Lytes, he suffered a tear to his rotator cuff which required two separate surgeries.  As a result of his surgery, he is no longer able to perform his employment with Alcatel-Lucent.  He is currently on disability.  App.  at 112,  ll 1-25 to 113,  ll 1-11.

## Summary of the Argument

The facts viewed in favor of the Plaintiff establish that on July 19, 2009 the Plaintiff and two co-workers were attempting to gain access to a cell tower located on or near the property of Mid-Carolina Electric.   An employee of Mid-Carolina called the sheriff's department because she observed three individuals outside the fenced area.  Upon arrival, two of the officer confronted the Plaintiff and his two co-workers.  The officer were informed that the Plaintiff and his two co-workers were employed by Alcatel-Lucent and were making improvements to the tower.  At gun point two of the Defendants then ordered the Plaintiff and his co-workers to lie face down on the ground.  Subsequently a third Defendant arrived and placed the all three workers in handcuffs and searched them. No defendant checked any identification of the Plaintiff and his co-workers nor did

they check the truck driven by the plaintiff for the company logo.  Based upon

these facts the district court improperly concluded that as a matter of law the

Plaintiff was placed in investigative detention and not formal arrest.

## Standard of Review

The standard of Review from the granting of summary judgment is *de novo.*

*Ray Commc'ns, Inc. v. Clear Channel Commc'ns, Inc.*, 673 F.3d 294 (4th Cir.

2012).

## Argument

## Question I:

**Did the district court err in granting a motion for summary
judgment in favor of the Defendants when the evidence showed that the
Plaintiff was handcuffed, searched, and detained at gun point which created a
factual question as to whether the Plaintiff was arrested in violation of the
Fourth Amendment to the Constitution of the United States of America or
merely placed in investigative detention?**

### *Fourth Amendment Violation*

This Court  has said "The test for determining whether an individual is

in custody or under arrest is whether, under the totality of the circumstances, the

suspect's freedom of action is curtailed to a degree associated with formal arrest."

*Park v. Shiflett,*  250 F.3d 843, 850 (4th Cir. 2001)(citations omitted).  Under the

facts of this case, Mr. Lytes was not free to leave. The Defendants concede such in

their deposition testimony.  He had a gun pointed at him.  He was frisked.  He was

6

handcuffed and made to stretch out face down on the ground. That is much more like a formal arrest and not an "investigative detention." The defendants have never contended that they had probable cause to arrest Mr. Lytes. They seek to justify the handcuffing, detaining and pointing of firearms at Mr. Lyes as part of an "investigative detention." The Tenth Circuit has said "An arrest is distinguished by the involuntary, highly intrusive nature of the encounter. The use of firearms, handcuffs and other forceful techniques, generally exceed the scope of an investigative detention and enter the realm of an arrest." *Cortez v. McCauley,* 478 F.3d 1108, 1117 (10th Cir. 2007)(internal quotation marks and citations omitted).

In *Park,* the officers, responding to an alarm at a convenience store, found a woman inside the store who had admitted she had tripped the alarm when she entered the store. The police handcuffed and forcibly detained both the woman and her husband. This Court determined the handcuffing and forcibly detaining the woman and her husband constituted an arrest and not simply an investigative detention. The Court concluded "the evidence reveals that Mr. Park was arrested without probable cause and therefore, the trial court was correct in determining that Mr. Park was wrongfully arrested." *Id.* at 852.

What the facts here establish is that the officer knew almost immediately upon pointing their firearms at Mr. Lytes and his co-workers that at

7

least one said they were working on a cell tower.  Requiring a reasonable officer to

act upon that information is not unreasonable.   The Seventh Circuit said in *Moore*

*v. Marketplace Rest., Inc.,* 754 F.2d 1336, 1347 (7th Cir. 1985) "Therefore, under

the circumstances of this case it is proper for the jury to consider all the evidence,

including questions regarding the sufficiency of the deputies' investigation at the

scene, in determining whether there was enough evidence to establish probable

cause to arrest for the crime of theft of services."    In holding the lower court

erred in granting summary judgment the Court in *Moore* further said "A police

officer may not close her or his eyes to facts that would help clarify the

circumstances of an arrest.   Reasonable avenues of investigation must be pursued

especially when, as here, it is unclear whether a crime had even taken place." *Id.* at

128.  The Tenth Circuit has further said "To defer to an officers interpretation of

the facts without applying judgment informed by the Fourth Amendment would

eviscerate the need for a judicial determination of probable cause." *United States*

*v. Valenzuela*, 365 F.2d 892, 902 (10th Cir. 2004).

      In *Clipper v. Takoma Park, Md.,* 876 F.2d 17, 19 (4th Cir. 1989) this

Court  predicated liability, at least in part, on the failure of the arresting officers to

investigate readily available evidence when the court held "The jury considered

evidence that neither Corporal Starkey nor other Takoma Park officers pursued

evidence they might have obtained from individuals who would have told them that Clipper could not have robbed the bank because he was at another place at the time of the robbery." *See, also*, *Baptiste v. J. C. Penny Company, Inc.,* 147 F.3d 1252 (10th Cir. 1998)(holding a failure to properly investigate probable cause for arrest is a sufficient basis for liability under 43 U.S.C. § 1983); *Cortez v. McCauley*, 478 F.3d 1108 (10th Cir. 2007)

In the present case the jury should decide whether the officers acted reasonably in handcuffing Mr. Lytes while making no attempt to quickly verify what they were told. In a matter of seconds the officers could have quickly verified what they were told by simply walking a very short distance and looking at the van and asking Mr. Lytes and his co-employees for their identification. While the *Moore* and the *Clipper* cases involved an arrest, the same principles should apply when "under the totality of the circumstances, the suspect's freedom of action is curtailed to a degree associated with formal arrest." *Park* at 850. No court has ever held that an officer is entitled as a matter of law to ignore readily available information from a person being detained in order to justify a seizure of a person in violation of the Fourth Amendment.

The officers at the scene before Defendant Christian Smith arrived, failed to tell Christian Smith what they had learned from Mr. Lytes and his co-

workers.  Christian Smith found no weapons, other than the knife the workers used in their work. They had told him they were working on the cell tower.  The van had a company logo on it.  He found no evidence that any entry into the fenced in area had been made or attempted. At that point he had clear evidence that no crime had been committed and  he had no reason to believe any of the workers were dangerous.  But they all remained in handcuffs.

The Defendants further contend that Mr. Lytes could have been arrested for trespassing.[3]  As S.C. Code § 16-11-620 contains a provision that another's property can be entered upon, even after being posted, if the person has a "good excuse."  Attempting to find an entry to a cell tower the workers were required to work on would certainly qualify as a "good excuse."  After knowing that the workers were seeking entry to a cell tower, had the Defendants arrested Mr. Lytes and his co-workers, the officers still would be liable for a unlawful arrest.

The district court's reliance upon *United States v. Leshuk*, 65 F.3d 1105 (4th Cir. 1995) is misplaced.  Prior to the actual arrest of Leshuk, he was not handcuffed, made to lie on the ground nor was he held at gun point.    This Court

---

[3] The district court judge appears not to have based her opinion upon this argument.

10

specifically said "As the district court found, their [the officer involved] conduct during the questioning was neither coercive nor intimidating." *Id.* at 1110. The exact opposite is true here. The Plaintiff and his co-workers were yelled at and cursed at by the defendants. App. at 80, ll 11-20; App. at 91, ll 21-25 to 92, ll 1-5. App. at 79, ll 1-17; App. at 82, ll 1-14. The conduct of the officer in this case was coercive and intimidating.

In holding that a seizure of the person violated that person's rights under the Fourth Amendment, the Second Circuit has said "Of course either an arrest or a detention supportable by less than probable cause may be actionable under § 1983, provided the 'seizure' in question is 'unreasonable.'" *Posr v. Doherty*, 944 F.2d 91, 98 (2d Cir. 1991). The Court then concluded that "The issue of precisely when an arrest takes place is a question of fact." *Id.* at 99. *See, also, United States v. Massillon,* 574 F. Supp. 381, 396 (S.D.N.Y. 2008)("The seizure of Petitioner in this case was not undertaken in a manner that would suggest that it was merely investigatory in nature."). A fact question exists in this case as to whether the Plaintiff was either actually arrested or unreasonably seized.

*Bystander Liability of Defendants Brian Smith, Wood and Lookabill*

As noted in the statement of facts, at least the defendants Brian Smith and Lookabill had notice of the fact that Mr. Lytes and his co-workers were attempting to locate a cell tower to make repairs.  They knew Mr. Lytes and his co-workers had told them they had identification.  In the light most favorable to the Plaintiff, the Defendants Brian Smith and Lookabill made a conscious decision not to tell the Defendant Christian Smith what they had learned while pointing the guns at Mr. Lytes and his co-workers.  They elected to permit the handcuffing of Mr. Lytes without disclosing very relevant information or conducting even a cursory investigation.   Under those facts, at the very least, a jury question is created as to whether the failure to disclose the information made them liable as bystanders who failed to protect Mr. Lytes.  The district court judge mistakenly relied upon several criminal cases to determine there was no factual issue for the jury to decide.  In a criminal case the trial judge was the fact finder and all those cases stand for is there was a lower court had sufficient facts to making a finding. In a civil case, the jury is the fact finder and the question is whether there are sufficient fact by which a jury could determine the seizure of the Plaintiff was unreasonable.

12

*The Defendants are not entitled to Qualified Immunity*

On the issue of qualified immunity, the facts of the case are still reviewed in the light most favorable to Mr. Lytes. *Ibo v. Shrive*, 535 F.3d 225 (4th Cir.2008). On this issue, Mr. Lytes refers this Court to the statement of facts at the beginning of this brief.

Christopher Lytes has the right not to be arrested or forcibly detained for an "investigative detention" without probable cause or a sufficient investigation to determine the need for a forcible detention. Such rights have long been established not only in the Fourth Circuit but our country generally. As this Court has said "The general right to be free from unreasonable seizures is as old as the Fourth Amendment and the specific requirement that a police officer have 'some minimal level of objective justification' before seizing a person was established by at least 1968 when the Supreme Court decided *Terry v. Ohio." Turnon v. Jordan,* 405 F.3d 202, 206 (4th Cir. 2005). The obligation of an officer to conduct a reasonable investigation has been established in the Fourth Circuit since the Court decided *Clipper v. Takoma Park, Md.,* 876 F.2d 17, 19 (4th Cir. 1989) *See also*, *Lindstrom v. Romero,* 616 F.3d 1108, 1125-1126 (10th Cir. 2010)("Furthermore, it was [clearly] established law that the probable cause standard of the Fourth Amendment requires officers to reasonably interview witnesses readily available at

13

the scene, investigate basic evidence, or otherwise inquire if a crime has been committed at all before invoking the power of warrantees arrest and detention.") Since 2001 officers in the Fourth Circuit have been on notice that the escalation of an investigative detention by the use of handcuffs and a show of force should be done only under the most extreme circumstances. *Park v. Shiflett,* 250 F.3d 843, 850 (4th Cir. 2001). The Defendants in this case had ample notice that they should investigate before they acted.

In addition, under the facts of this case a jury could find that Mr. Lytes was in fact arrested. As the Defendants have conceded that the officers did not have probable cause to arrest Mr. Lytes, the right of Mr. Lytes to be free from an arrest without probable cause has also been established since the signing of the Constitution of the United States of America.

Several facts are established from which a jury could easily conclude the defendants did not act reasonably. The Defendants ignore that they were told before Mr. Lytes was placed in handcuffs why the co-workers . The defendants were told they had identification to establish who they were and for whom they worked. They were in a marked van that showed the company logo. A jury could conclude that based upon those facts, the Defendants did not act reasonably in placing Mr. Lytes in handcuffs and detaining him at gunpoint.

14

## Conclusion

The decision of the district court should be reversed because there are factual questions to be decided by the jury on the following issues:

1.  Whether Christopher Lytes has actually arrested rather than simply held in investigative detention.

2.  Whether the defendants acted reasonably in failing to verify the information given to them by Christopher Lytes and his co-workers.

3.  Whether there was a sufficient basis to handcuff Mr. Lytes in view of the fact that the officer could not find that any attempt had been made to enter the fenced in area and they had been told that Mr. Lytes and his co-workers were there to make necessary repairs to the cell tower.

4.  Whether the Defendants are entitled to qualified immunity.

## Statement Regarding Oral Argument

Counsel for the appellant respectfully requests oral argument.

15

July 3, 2014                                    /s/   C. Rauch Wise
                                                C. RAUCH WISE
                                                305 Main Street
                                                Greenwood, South Carolina 29649
                                                (864) 229-5010
                                                rauch@simplepc.net
                                                District Court  № 04723

                                                Robert M. Cook, II
                                                P. O. Box 3575
                                                Louisville, SC 29070

                                                Attorneys for Christopher Lytes

16

# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

**No.** _14-1425_          **Caption:** _CHRISTOPHER LYTES v. CHRISTIAN SMITH, BRIAN_

### CERTIFICATE OF COMPLIANCE WITH RULE 28.1(e) or 32(a)
Type-Volume Limitation, Typeface Requirements, and Type Style Requirements

1. **Type-Volume Limitation:** Appellant's Opening Brief, Appellee's Response Brief, and Appellant's Response/Reply Brief may not exceed 14,000 words or 1,300 lines. Appellee's Opening/Response Brief may not exceed 16,500 words or 1,500 lines. Any Reply or Amicus Brief may not exceed 7,000 words or 650 lines. Counsel may rely on the word or line count of the word processing program used to prepare the document. The word-processing program must be set to include footnotes in the count. Line count is used only with monospaced type.

   This brief complies with the  type-volume limitation of Fed. R. App. P. 28.1(e)(2) or 32(a)(7)(B) because:

   ☑   this brief contains _____3,479_____ [*state number of*] words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

   ☐   this brief uses a monospaced typeface and contains _____ [*state number of*] lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. **Typeface and Type Style Requirements:** A proportionally spaced typeface (such as Times New Roman) must include serifs and must be 14-point or larger.  A monospaced typeface (such as Courier New) must be 12-point or larger (at least 10½ characters per inch).

   This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

   ☑   this brief has been prepared in a proportionally spaced typeface using
   _WordPerfect12_____ [*identify word processing program*] in
   _Times New Roman, 14 point_____ [*identify font size and type style*]; **or**

   ☐   this brief has been prepared in a monospaced typeface using
   _____ [*identify word processing program*] in
   _____ [*identify font size and type style*].

(s) _C. Rauch Wise_____

Attorney for _appellant_____

Dated: _7/3/14_____

# CERTIFICATE OF SERVICE

I certify that on ___July 3, 2014___ the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below:

ANDREW LINDEMANN
JOEL STEVE HUGHES
DAVIDSON & LINDEMANN, PA
1611 Devonshire Drive
Columbia, SC 29202
(803) 806-8222

/s/ C. Rauch Wise
_____
Signature

7/3/2014
_____
Date